RAFAEL ALDEA BIGLES, demandante y apelante, *v.* REXACH RACING & SPORTING CORPORATION, demandada y apelada.

No. 4909.—*Sometido:* Junio 18, 1931. *Resuelto:* Julio 29, 1932.

*L. Feliú,* abogado del apelante; *L. S. Vahamonde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El 10 de agosto de 1924 hubo carreras de caballos en el hipódromo "Las Casas" de Rexach Racing & Sporting Corporation. En ellas se celebró el juego llamado *pool* en el que los jugadores anotan en una papeleta impresa el nombre de uno o más caballos en cada una de las siete carreras que tienen lugar cada día de carreras, y un tanto por ciento del producto de las jugadas se distribuye entre las personas que aciertan el mayor número de caballos ganadores.

Rafael Aldea Bigles fué una de las personas que jugó ese día en el *pool* y demandó a la expresada corporación alegándolo así y que la demandada tiene un empleado suyo, al que el demandante da el nombre de "abanderado," cuya misión consiste en estar con una bandera a cierta distancia conveniente del juez de salida para agitarla al disponerlo así dicho juez cuando se hacen salidas no autorizadas por él: que el demandante jugaba en la séptima carrera a favor de los caballos nombrados Loba, Vaquerito, Braender y Nieve; que cuando partieron del punto de salida los once caballos de la séptima carrera dicho "abanderado" sin orden ni instrucción del juez de salida y sin que existiera causa o motivo que lo justificara agitó la bandera dando ocasión así a que el mayor número de los jinetes que montaban esos caballos los aguantaran y volvieran algunos para atrás, y que de los otros resultó ganador el caballo St. Patrick; que esa carrera no fué anulada por el jurado; que la segunda carrera había sido anulada, por lo que el *pool* fué repartido entre los que acertaron seis caballos, pero que si hubiera sido anulada la séptima carrera como entiende que debió serlo, entonces se hubiera pagado el *pool* a los que acertaron cinco caballos y hubiere cobrado el demandante.

La cuestión fundamental en este pleito es si el "abande-rado" es un empleado de la demandada. Ésta fué la única cuestión resuelta por la corte inferior, la que declaró que no lo era y, consiguientemente, dictó sentencia declarando sin lugar la demanda, sin especial condena de costas. Contra ese fallo ha sido interpuesta esta apelación por el demandante.

■■ El primer motivo del recurso se funda en que la corte inferior cometió manifiesto error al dictar su sentencia fundada en que el "abanderado" no era empleado de la demandada.

Hemos leído la prueba practicada en el juicio. Tres testigos fueron presentados por el demandante; dos de ellos, Emilio Egozcue, juez de salida, y José Torres Silva, juez de pista, no saben que el "abanderado" sea nombrado por la corporación demandada. El otro testigo es el demandante quien no sabe quién dió al "abanderado" ese puesto ni su nombre, pero dijo que la corporación lo pagaba porque vió la partida de pago al "abanderado" en la cuenta general, de la Comisión Hípica, diciendo luego de la corporación: al preguntársele si hay empleados que los paga la corporación contestó "Yo vi el cargo," y que no recuerda si vió el nombre de la persona ni cuánto se le pagaba, aunque la cantidad era pequeña. El presidente de la corporación demandada, José A. Rexach, declaró que la Comisión Hípica es la que nombra todos los empleados para las carreras de caballos; que el "abanderado" no es un empleado de la corporación ni lo nombra ni lo paga.

Al demandante incumbe siempre la prueba de su acción y la presentada en este caso por el apelante no la encontramos suficiente, como tampoco la encontró la corte inferior, para estimar que el abanderado es un empleado de la demandada. Ni siquiera se llamó a esa persona para que declarase si lo había nombrado la demandada ni se aportó prueba de la Comisión Hípica, que debe saber quién nombra

tal "abanderado," ni se requirió la presentación de la cuenta a que se refería el demandante. En consecuencia, no podemos declarar que la corte inferior cometiera el mencionado error.

En vista de la conclusión a que hemos llegado no es necesario resolver los otros motivos de error alegados, pues no siendo dicho "abanderado" un empleado de la demandada es inútil decidir en este caso si aquél actuó negligentemente, y si la séptima carrera es nula o no.

No cometió error la corte inferior al dictar la sentencia apelada y debe ser confirmada.

El Juez Asociado señor Córdova Dávila no intervino.